UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

DAVID SHROPSHIRE,                    )
                                     )
v.                                   )        No. 1:08-cv-261/1:02-cr-72
                                     )        *Judge Edgar*
UNITED STATES OF AMERICA,            )
                                     )

## MEMORANDUM

Federal prisoner David Shropshire ("Shropshire") moves for post-conviction relief pursuant to 28 U.S.C. § 2255 (Crim. Court File No. 151).[1] In addition to miscellaneous claims argued in his brief, in his § 2255 motion Shropshire challenges the Government's decision to file a Motion to Withdraw the Rule 35 Saving Motion, the Court's decision granting the motion, and counsel's performance.

After reviewing the record, the Court concludes that Shropshire's § 2255 motion will be **DENIED and DISMISSED WITH PREJUDICE**. The record conclusively shows that the motion is without merit and Shropshire is not entitled to any relief under 28 U.S.C. § 2255. Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

## I.      Non-Dispositive Motions

Before the Court are two motions filed by Shropshire. The first motion is requesting discovery from F.B.I. Agents and the prosecuting attorney, which Shropshire believes will show that he provided substantial information to assist the investigation of more than four unsolved robberies

---

[1]      Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

1

and an unsolved murder case.  In this motion, Shropshire also requests that counsel be appointed to represent him in this matter (Criminal Court File No. 171).  In the second motion, Shropshire requests to amend his § 2255 motion (Criminal Court File No. 172).

### A.    *Motion for Discovery*

Although Rule 6 of the Rules Governing Section 2255 Proceedings in the United States District Courts provides for some discovery, it does so only to the extent that the finds "good cause[.]" Specifically, Rule 6 provides:

> A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law.  If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 17 U.S.C. § 3006A.

Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Thus, Shorpshire must make a sufficient showing that he is entitled to this discovery as there is not a general constitutional right to discovery in criminal cases.  *United States v. Okai*, 97 F.3d 1453 (6th Cir. Sept. 25, 1996), *available at* 1996 WL 549804 (citing *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988)).

Whether alleged substantial assistance is requested pursuant to Rule 35 of the Federal Rules of Criminal Procedure or United State Sentencing Guidelines ("USSG") § 5K1.1, the decision whether to file a substantial assistance motion lies solely within the discretion of the government. *See United States v. Snow*, 234 F.3d 187, 190 (4th Cir. 2000) ("Where . . . a plea agreement contemplates that the Government will make a § 5K1.1 motion if the defendant provides truthful cooperation, the Government remains the appropriate party to assess whether the defendant has performed that condition adequately").  A court may remedy the government's decision not to file

a substantial assistance motion only if the government's decision was based on an unconstitutional motive or was not rationally related to a legitimate governmental objective. *Wade v. United States*, 504 U.S. 181, 185-86 (1992). "It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Id.* at 186. In order to obtain discovery or an evidentiary hearing, a defendant must make a "substantial threshold showing." *Id.* at 186.

In the present case, Shropshire has failed to make a "substantial threshold showing[,]" much less allege that the government refused to file a motion for unconstitutional reasons such as his race or religion. Accordingly, because Shropshire has failed to demonstrate good cause for discovery his motion requesting discovery and appointment of counsel will be **DENIED** (Criminal Court File No. 171).

**B.      Motion to Amend**

In his motion to amend, Shropshire requests to amend his § 2255 motion and have counsel appointed (Criminal Court File No. 172). Although Shropshire's § 2255 motion and brief and his motion to amend and supporting brief are confusingly pled, based upon what the Court is able to discern from these pleadings, the motion will be **GRANTED IN PART** and **DENIED IN PART** for the following reasons (Criminal Court File No. 172). To the extent he requests appointment of counsel, the motion is **DENIED** (Criminal Court File No. 172).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one year limitation period applies to the adding of new claims to a previously filed § 2255 motion. *See Mayle v. Felix*, 545 U.S. 644 (2005) (finding the amended habeas petition was time barred because it was filed after

the one year limitations period expired and did not relate back to original petition). Shropshire filed a timely § 2255 motion challenging the Court's ruling in his Rule 35(b) proceeding and counsel's performance. In his supporting memorandum, however, he also challenges defense counsel's performance in his underlying criminal proceedings. As explained in Section 1. *infra*, any claim pertaining to his 2003 criminal proceedings is time barred by AEDPA's one year statute of limitations. First, however, the Court will address the statute of limitations as it applies to the Rule 35(b) proceedings.

The Sixth Circuit Court of Appeals affirmed this Court's decision granting the government's motion to withdraw its Rule 35(b) motion on May 19, 2008 (Criminal Court File No. 149). Shropshire did not pursue direct review through to a petition for certiorari in the Supreme Court of the United States. "For the purposes of the limitations period of § 2255, 'a conviction becomes final at the conclusion of direct review.'" *Brown v. United States*, 20 Fed. Appx. 373 (6th Cir. 2001) (unpublished table decision), *available in* 2001 WL 1136000, (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). If a defendant pursues direct review through to a petition for certiorari in the Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. When a defendant pursues a direct appeal but does not petition the United States Supreme Court for certiorari, his judgment becomes final when the time expires for filing a petition for certiorari. *Clay v. United States*, 537 U.S. 522, 532 (2003). A petition for a writ of certiorari to review a judgment is timely when it is filed within 90 days after entry of the judgment. *See* Rule 13 Supreme Court Rules. Rule 13 specifies that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

The Sixth Circuit's disposition of Shropshire's Rule 35(b) case was filed on May 15, 2008 (Criminal Court File No. 149). Therefore, Shropshire's ninety days expired on August 13, 2008, and his judgment became final. The one-year statute of limitations for filing a § 2255 motion began on August 14, 2008, and expired August 13, 2009.

Shropshire had one year from the time the time the Court's Rule 35(b) ruling became final to file his § 2255 motion. Shropshire delivered his motion to amend his § 2255 motion to prison authorities on September 8, 2010 (Criminal Court File No. 172). A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). Therefore, Shropshire's motion is deemed filed on September 8, 2010. Since Shropshire's motion to amend his § 2255 motion was filed on September 8, 2010, more than one year after the one year statute of limitations had expired, it is untimely.

Although the one-year limitations period under § 2255 may begin to run from the latest of four alternative dates, *see* 28 U.S.C. § 2255(f), the only one implicated by Shropshire's allegations is the date the Rule 35(b) judgment became final. Additionally, Shropshire's allegations do not indicate grounds for equitable tolling. Therefore, new claims submitted by Shropshire in his motion to amend are time-barred unless they relate back to the date of the original pleading. *See* Fed.R.Civ.P. 15(c).

      *1.    Challenges to Defense Counsel's Performance during Criminal Proceeding*

First, Shropshire requests to amend his § 2255 motion to add a claim against his original defense attorney. Shropshire, however, is time-barred from attacking his judgment of conviction. Shropshire was sentenced to the custody of the Bureau of Prisons for 211 months on January 27,

2003 (Criminal Court File No. 93), and his judgment of conviction was issued on February 7, 2003 (Criminal Court File No. 96).

Shropshire did not pursue a direct appeal. When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Shropshire's judgment was entered on February 7, 2003, and at that time Fed. R. App. P. 4(b)(1)(A) provided that a notice of appeal had to be filed within ten (10) days after entry of the judgement from which he wished to appeal. Rule 26(a) of the Federal Rules of Appellate Procedure provided that weekends and holidays were not counted in calculating the ten-day period. Therefore, under these rules, Shropshire had until February 24, 2003, to file a notice of appeal. Thus, the one-year statute of limitations began to run on February 25, 2003, the day after the expiration of the time for filing a notice of appeal.

Shropshire had one year from the time his judgment of conviction became final to file his § 2255 motion attacking his judgment of conviction. February 24, 2003, was the date Shropshire's right to file an appeal expired. Thus, Shropshire was required to file his § 2255 motion on or about February 25, 2004. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). It appears Shropshire gave prison authorities his motion for mailing on October 28, 2008 (Criminal Court File Nos. 151), more than four years after the expiration of the one-year statute of limitation for filing his § 2255 motion. Therefore, to the extent Shropshire raised a claim challenging his original defense counsel's performance in his original § 2255 motion, the claim is time-barred. Notably, a Rule 35(b) motion "has no impact on the finality of a defendant's

judgment of conviction and does not alter the date on which the judgment of conviction becomes final for the purposes of the statute of limitations[,]" *Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011) (internal quotation marks omitted); *see also Reichert v. United States*, 101 Fed. Appx. 13, 14 (6th Cir. 2004) ("Under 18 U.S.C. § 3582(b), the defendant's original judgment of conviction remains the final judgment even if his sentence has been modified or reduced as the result of the government filing a Rule 35 motion."). Consequently, any attempt to supplement his original § 2255 time-barred claim attacking defense counsel's performance during the criminal proceedings would be futile. Accordingly, this portion of the amendment will be **DENIED**.

### 2. Challenges Against Rule 35(b) Counsel

In his next claim, he alleges Attorney Hoffer failed to provide assistance after attending the April 10, 2006, hearing and lied about filing an appeal when requested to do so (Criminal Court File No. 173). This portion of the proposed amendment appears to relate back to Shropshire's original § 2255 motion and will be **GRANTED**.

### 3. Improper Substitution of Prosecutors

Finally, Shropshire argues it was improper for the government to substitute counsel in his case. He appears to argue that the initial prosecutor on the case should have also filed the Rule 35(b) motion and attended the oral argument. Because this is a new claim that does not relate back to any claim in Shropshire's original § 2255 motion, it is time-barred. Consequently, it would be futile to grant the request to amend with a claim of improper to substitution of prosecutors. Accordingly, leave to amend the original § 2255 motion with time-barred claim of improper substitution of prosecutors will be **DENIED** as futile.

## II.     Standard of Review

This Court must vacate and set aside petitioner's sentence upon a finding that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, . . ."  28 U.S.C. § 2255(a).  Under Rule 4 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveals the petitioner is not entitled to relief.  If it plainly appears the petitioner is not entitled to relief, this Court may summarily dismiss the § 2255 motion under Rule 4.

When the alleged error is neither jurisdictional nor constitutional, then the alleged error must constitute a "fundamental defect which inherently results in a complete miscarriage of justice." *Shropshire v. Farley*, 512 U.S. 339, 354 (1994) (citations omitted).  The standard of review for nonconstitutional claims is that claims not raised at trial or on direct appeal are waived for collateral review under § 2255 unless the errors amount to a denial of due process.  *Grant v. United States*, 72 F.3d 503 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).  Society has a substantial interest in the finality of judgments, therefore, collateral relief is appropriate only where there has been fundamental unfairness, or what amounts to a breakdown of the trial process.  *Id*. at 506, citing *Shropshire*, 512 U.S. at 354-55.   "Nonconstitutional errors, . . . will rarely, if ever, warrant relief from the consequences of waiver."   *Grant*, 72 F.3d at 506.

### III.     Procedural and Factual History

Shropshire and co-defendant Kendrick Bugg ("Bugg") were indicted on June 11, 2002, by a grand jury for the Eastern District of Tennessee in a five -count indictment in connection with the robbery of a gas station (Criminal Court File No. 2).  A superseding indictment was filed on June 26, 2002 (Criminal Court File No. 18).  Shropshire entered into a plea agreement with the government on September 18, 2005, and entered guilty pleas to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e), and to a § 1951 Hobbs Act violation in exchange for dismissal of the other counts (Counts Two and Three of the Superseding Indictment) (Criminal Court File Nos. 54, 55).  Because it was determined Shropshire was an armed career criminal, his offense level was 31, criminal history category was VI, and his guidelines were 188 to 235 months.  On January 27, 2003, Shropshire  was committed to the custody of the Bureau of Prisons to be imprisoned for a terms of 211 months on each of Counts 2 and 3, to be served concurrently.  In addition, upon release, Shropshire will be placed on supervised release for five years. (Crim. Court File No. 54).

Shropshire's plea agreement contained the following relevant provision:

12.     At the time of sentencing, the United States will bring to the Court's attention the nature, extent, and value of the defendant's forthrightness.  This information will be provided to the Court so that it may be considered in determining a fair and appropriate sentence under the facts of the case.  If, in the opinion of the United States, the defendant renders substantial assistance within the meaning of U.S.S.G. 5K1.1 and 18 U.S.C. § 3553(e), the United States will file a motion pursuant to one or both of these provisions. The defendant acknowledges that, under the law and under the terms of this plea agreement, the United States retains complete discretion in determining whether a departure motion will be filed, and, if such motion is filed, whether it is filed pursuant to U.S.C.G. § 5K1.1, 18 U.S.C. § 3553(3), or both.  The defendant acknowledges that the decision as to whether to file any such motion is not reviewable by the Court except under the limited circumstances set forth in the opinion of *Wade v. United States*, 504 U.S. 181 (1992).  The defendant further acknowledges that,

should the United States file such a motion, the extent of departure, if any, is within the sentencing judge's discretion.

(Criminal Court File No. 55).

Bugg proceeded to trial and was convicted of a Hobbs Act violation and various firearms violations. Although Shropshire had provided information to authorities regarding Bugg, he did not testify at Bugg's trial because he had initially lied to federal authorities and the government determined he would not be a credible witness. *Shropshire v. United States*, 278 Fed Appx. 520, 522 (6th Cir. 2008), *available at* 2008 WL 2091416.

In May of 2003, Shropshire's defense counsel contacted Assistant United States Attorney Tammy Combs ("AUSA Combs") and requested her to contact Detective Charles Dudley ("Detective Dudley") to verify Shropshire's assistance in solving a homicide and advise whether his assistance rose to the level of substantial assistance. AUSA Neff apparently took over for AUSA Combs and in December of 2003 Shropshire's counsel set a letter to AUSA Neff asking whether the government intended to file a Rule 35(b) motion in Shropshire's case based on the assistance he had provided Detective Dudley.

On January 26, 2004, the government filed a motion pursuant to Federal Rule of Criminal Procedure 35(b) asking the Court to hold the motion in abeyance because the government could not determine whether the information provided by Shropshire would result in substantial assistance (Criminal Court File 113).

According to Shropshire, and a letter written to him from Attorney Jeffrey S. Schaarschmidt,[2] in 2002 and early 2003, he provided information to Detective Dudley of the Chattanooga Police

---

[2]     Although the record is not clear, this attorney apparently worked with Shropshire in relation to the assistance he provided Detective Dudley.

Department regarding an unsolved murder case which resulted in the arrest of the perpetrator (Criminal Court File No. 152, Exhibit B). According to the letter from the attorney, Detective Dudley assured him that he (Detective Dudley) would inform Perry Piper of the assistance he provided in connection with an unsolved murder (Criminal Court File No. 152, Exhibit B). The Attorney also wrote a letter on May 23, 2006, reflecting some of the details Shropshire provided to law enforcement (Criminal Court File No. 152, Exhibit C). In his May 31, 2006, letter, the attorney explained that he met with the United States Attorney handling the case but since no one in law enforcement confirmed the information that Shropshire provided, a reduction in sentence could not be recommended (Criminal Court File No. 152, Exhibit E).

On October 27, 2005, the District Court ordered the government to act on its Rule 35(b) motion. On December 8, 2005, Shropshire filed a *pro se* motion requesting that the District Court appoint counsel and proceed on the Rule 35(b) motion. The District Court appointed counsel for Shropshire and set the matter for an in-chambers conference for April 10, 2006. Following the conference, defense counsel filed a sealed memorandum regarding the cooperation Shropshire had provided. On April 11, 2006, the government filed a status report advising the District Court that it was investigating Shropshire's allegation of assistance to Detective Dudley, but that Detective Dudley had retired, was hospitalized, and unable to verify Shropshire's claim, as he was in a coma. The government asked for more time to resolve the question.

On May 10, 2006, the government moved to withdraw the Rule 35(b) motion because it was unable to verify Shropshire's alleged assistance with either Detective Dudley or his colleagues at the Chattanooga Police Department. According to the government, Lt. Mike Mathis of the Chattanooga Police Department Major Crimes Division conducted a thorough review of the file and

could find nothing to indicate Shropshire provided any information that led to Bryan Davenport's arrest or conviction. Therefore, the government found no cause to recommend to the Court that Shropshire provided substantial assistance to the Chattanooga Police Department regarding the Davenport case.

(Criminal Court File No. 138).

The Court concluded that although Shropshire and the government had a difference of opinion as to whether Shropshire provided substantial assistance, there was no evidence the government's decision was based on a motive that violates the United States Constitution, such as race discrimination or religious persecution, or that the decision was entirely arbitrary, capricious, or in bad faith. Thus, the Court granted the motion to dismiss the Rule 35(b) motion because the government explained a good, sufficient reason for withdrawing its Rule 35(b) motion (Criminal Court File No. 140).

Shropshire filed a timely appeal and the Sixth Circuit Court of Appeals affirmed the decision of the District Court on May 15, 2008 (Criminal Court File No. 149). Shropshire filed this § 2255 motion on October 31, 2008.

## IV. Analysis of Claims

Shropshire alleges several instances of ineffective assistance of counsel in his § 2255 motion. Shropshire was represented by Attorney Anthony Martinez in his underlying criminal case. After the Rule 35(b) motion was filed, Attorney Martinez was replaced by Attorney LaFonda Jones. Thereafter, Attorney Jones's motion to withdraw on grounds of conflict of interest was granted and Attorney Joseph V. Hoffer was appointed to represent Shropshire (Criminal Court File Nos. 122, 127). Shropshire claims he was deprived of his right to effective assistance of counsel guaranteed

by the Sixth Amendment to the United States Constitution by Attorneys Martinez and Hoffer and the Court erred in denying him an evidentiary hearing to evaluate his assistance and granting the government's motion to withdraw the Rule 35 motion.

The Court will first address all of the ineffective assistance of counsel claims before analyzing the claims of Court error.

### A.     *Ineffective Assistance of Counsel*

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established the criteria for determining whether a Sixth Amendment claim of ineffective assistance of counsel is meritorious.  The *Strickland* test requires that a defendant demonstrate two essential elements:  (1) counsel's performance was deficient, *i.e.*, counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment, and (2) counsel's deficient performance prejudiced the defense, *i.e.*, deprived the defendant of a fair trial rendering the outcome of the trial unreliable.  *Id.* at 687-88.

There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance and that conduct cannot be viewed in hindsight, but must be evaluated for reasonableness within the context of the circumstances at the time of the alleged errors. *Strickland*, 466 U.S. at 689-90.  A defendant's challenge to such decisions must overcome a presumption that

the challenged actions might be considered sound trial strategy. *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).

When a defendant challenges his guilty plea, to establish the prejudice prong, he must demonstrate that without counsel's alleged errors, he would not have pled guilty, but would have

insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 56, 59 (1985). To demonstrate a

reasonable probability that he would have gone to trial, a defendant is required to present evidence

apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone

to trial. *See Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995). "[R]eviewing court[s] must

remember that 'counsel is strongly presumed to have rendered adequate assistance and made all

significant decisions in the exercise of reasonable professional judgment.'" *Wong v. Money*, 142

F.3d 313, 319 (6th Cir. 1998), (quoting *Strickland v. Washington*, 466 U.S. at 690. "An error of

counsel,

even if professionally unreasonable, does not warrant setting aside the judgment of a criminal

proceeding if the error had no effect on the [ultimate] judgment." *Id*. at 691.

### 1. Attorney Martinez's Alleged Ineffectiveness

In his brief in support of his § 2255 motion, Shropshire contends Attorney Martinez failed

to object to the government's failure to file a § 5K1.1 motion; failed to file a direct appeal; and was

unauthorized to write him letters which allegedly were harmful and prejudiced Shropshire (Criminal

Court File No. 152). As previously explained in Section I.B. *supra,* Shropshire had one year from

the time his judgment of conviction became final to file his § 2255 motion attacking his judgment

of conviction. February 24, 2003, was the date Shropshire's right to file an appeal expired. Thus,

Shropshire was required to file his § 2255 motion on or about February 25, 2004. A motion filed

by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d

45, 47 (6th Cir. 1997), (citing *Houston v. Lack,* 487 U.S. 266, 270-71 (1988)). It appears Shropshire

gave prison authorities his motion for mailing on October 28, 2008 (Criminal Court File Nos. 151),

more than four years after the expiration of the one-year statute of limitation for filing his § 2255

motion. Therefore, to the extent Shropshire raises any claims challenging his original defense counsel's performance in his original § 2255 motion, the claim is time-barred.

Notably, the Rule 35(b) proceeding in this case had "no impact on the finality" Shropshire's "judgment of conviction and does not alter the date on which the judgment of conviction becomes final for the purposes of the statute of limitations[,]" *Murphy v. United States,* 634 F.3d 1303, 1309 (11th Cir. 2011) (internal quotation marks omitted); *see also Reichert v. United States,* 101 Fed. Appx. 13, 14 (6th Cir. 2004) ("Under 18 U.S.C. § 3582(b), the defendant's original judgment of conviction remains the final judgment even if his sentence has been modified or reduced as the result of the government filing a Rule 35 motion."). Therefore, the motion by the Government pursuant to Rule 35(b) did not effect the finality of the judgment of conviction from the date of which a § 2255 motion challenging defense counsel's performance at the original sentencing may timely be made. *See United States v. Sanders,* 247 F.3d 139, 142-44 & n. 2 (4th Cir. 2001). Thus, the only timely claims before this Court are the ones challenging the Rule 35 proceedings.

In addition, even if the claims against Attorney Martinez during the original criminal case were not time-barred and even assuming counsel's performance was deficient during the original criminal proceedings, § 2255 relief would be denied as Shropshire has failed to meet the prejudice prong as to any of his allegations that Attorney Martinez rendered ineffective assistance. To prove prejudice, Shropshire must demonstrate a reasonable probability that he would have gone to trial but for counsel's alleged shortcomings. Shropshire has failed to allege, much less demonstrate, a reasonable probability that he would have gone to trial but for counsel's alleged errors. Indeed, the only relief Shropshire requests is an evidentiary hearing on his alleged substantial assistance and re-

sentencing. Thus, Shropshire has failed to demonstrate any resulting prejudice as a result of counsel's alleged ineffective assistance.

Shropshire also claims Attorney Martinez was ineffective in his alleged representation of him in the Rule 35(b) proceedings when he wrote letters to the government on May 5, 2003, and December 9, 2003, regarding Shropshire's assistance and the status of filing a Rule 35(b) motion. Although Shropshire argues Attorney Martinez was not authorized to represent him and that his advice was harmful and prejudice his ability to receive a reduce sentence, he has failed to provide any facts to support his allegations. Contrary to Shropshire's allegations, the December 9, 2003, letter to the government inquiring about the status of the Rule 35(b) motion reflects that Attorney Martinez had recently been contacted by Shropshire inquiring about the status of the motion (Criminal Court File No. 152, Exhibit D). Moreover, the letter to Assistant United States Attorney ("AUSA") Tammy Combs outlined Shropshire's assistance to Detective Dudley in a homicide which counsel stated he had "indicated . . . previously[,]" and requested AUSA Combs to confirm Shropshire's assistance and advise counsel whether it rose to the level of substantial assistance. Several months later Attorney Martinez sent a letter to AUSA Neff, who had replaced AUSA Combs in the case asking for an update on the status of the government's determination as to whether to file a Rule 35(b) motion. On January 25, 2004, the government filed a "saving" motion, asking the Court to hold it in abeyance pending further investigation. In addition, Attorney Martinez's letter to Shropshire on September 7, 2004, was in response to Shropshire's August 24, 2004, letter to Attorney Martinez claiming his sentence was incorrect (Criminal Court File No. 152, Exhibit F). Thus, Shropshire's argument that Attorney Martinez was not authorized to contact the government

regarding the filing of a Rule 35(b) motion is disingenuous, and he has not demonstrated Attorney Martinez performed deficiently in regard to the Rule 35(b) motion.

Moreover, Shropshire has not demonstrated he suffered any prejudice as a result of Attorney Martinez's performance in relation to the Rule 35(b) motion, nor can he, because it was Attorney Martinez who persuaded the government to evaluate Shropshire's assistance for purposes of a Rule 35(b) motion. Accordingly, Shropshire has not demonstrated Attorney Martinez provided ineffective assistance of counsel in relation to the Rule 35(b) motion and no relief is warranted.

### 2. *Attorney Hoffer's Alleged Ineffectiveness*

Shropshire claims Attorney Hoffer rendered constitutionally ineffective assistance of counsel because he allegedly failed to inform him of the outcome of the Rule 35(b) conference; left him to defend himself after the Rule 35(b) conference; and failed to file a requested appeal. Shropshire contends he suffered harm and prejudice as a result of Attorney Hoffer's inactions.

A review of the record indicates that an In Chambers Conference convened on April 10, 2006, to determine the status of the Rule 35(b) motion (Criminal Court File No. 128). After receiving correspondence from counsel on April 11, 2006, the government filed a motion requesting an additional week to conduct a further investigation of Shropshire's alleged substantial assistance (Criminal Court File No. 129). Understandably, no objection was filed as the purpose of the extension was to permit the government to confer with investigators involved in the investigation mentioned in counsel's correspondence to determine whether the level of assistance amounted to substantial assistance.

On April 18, 2006, Attorney Hoffer filed a motion to seal his memorandum regarding the

government's Rule 35 motion and the sealed memorandum which included details of Shropshire's assistance and a request for a full evidentiary hearing in open court with the defendant present (Criminal Court File Nos. 130, 131).   On April 21, 2006, the government filed a status report notifying the Court it was awaiting the report of a Detective Mike Mathis with the Chattanooga Police Department (Criminal Court File No. 133).  On April 26, 2006, the Clerk's Office received a letter from Shropshire requesting certain information and inquiring whether the office received his motion for a rehearing and to withdraw counsel and appoint new counsel (Criminal Court File No. 134).  The Clerk's office received Shropshire's motion to withdraw counsel and appoint new counsel on May 3, 2006, and his motion to evaluate his substantial assistance on May 4, 2006 (Criminal Court File Nos. 136, 137).  On May 10, 2006, the government filed a motion to withdraw the Rule 35(b) motion, and on May 22, 2006, Shropshire filed a motion requesting an extension of time to respond (Criminal Court File Nos. 138, 139).  The Court entered an Order on May 24, 2006, granting the government's motion to withdraw its Rule 35(b) motion and deeming the motion withdrawn; denying Shropshire's motion for an evidentiary hearing and denying as moot his motion to withdraw counsel and appoint new counsel (Criminal Court File No. 140).  Shropshire filed a timely notice of appeal on June 7, 2006 (Criminal Court File No. 141), and  the court of appeals appointed counsel to represent him (Court File No. 144).

First, to the extent Shropshire challenges the performance of counsel during the Rule 35 proceedings under the Sixth Amendment, it appears that his claims fail because no Sixth Amendment Right to counsel attaches to those proceedings.  *Scott v. United States,* 473 F.3d 1262, 1264 (8th Cir.) (No Sixth Amendment right to counsel on appeal of Rule 35(b) motion), *cert. denied*, 550 U.S. 964 (2007); *United States v. Taylor*, 414 F.3d 528, 535-37 (4th Cir. 2005)(holding there

is no federal constitutional right (under either the Sixth Amendment or Due Process Clause of the Fifth Amendment) to counsel in Rule 35(b) proceedings);*United States v. Palomo*, 80 F.3d 138, 142 (5th Cir. 1996); *United States v. Ujdak*, 2007 WL 295011, *4 (W.D. Mich. Jan. 26, 2007) (same). However, because the Court's research did not reveal a Sixth Circuit case holding there is no federal constitutional right to counsel in a Rule 35(b) proceeding, the Court will proceed to address the ineffective assistance of counsel during his Rule 35 proceeding claim.

The burden is on Shropshire to demonstrate ineffective assistance of counsel by a preponderance of the evidence in this § 2255 proceeding. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5thCir. 1982). There is a strong presumption that "counsel's conduct falls within a wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). To demonstrate ineffective assistance of counsel, Shropshire must prove, both, deficient performance and prejudice. *Id.* at 687. Therefore, before the Court can conclude counsel was ineffective, it must find both a deficiency of performance and that counsel's performance was deficient to the degree that it calls into question the overall fairness of the outcome of the proceeding. *Id.* at 694.

Taking Shropshire's claim that counsel failed to notify him of the outcome of the conference as true and even concluding such was deficient performance, he has not demonstrated counsel was ineffective as he has failed to show he suffered any prejudice. Shropshire has failed to explain how he was prejudiced by counsel's failure to notify him of the outcome of the conference.

Notably, after the conference, counsel filed pleadings on Shropshire's behalf. Shropshire contacted the Court and was provided with a copy of the docket sheet, the government's motion requesting an extension of time to respond, and the status report filed by the government (Criminal

Court File No. 134). The government made the requisite determination of whether Shropshire had provided substantial assistance after it conducted its own investigation of the information provided by Attorney Hoffer of Shropshire's assistance. After an investigation, the government concluded

it lacked sufficient information to recommend to the Court that Shropshire had provided substantial assistance to the Chattanooga Police Department (Criminal Court File No. 138).[3]

Because Shropshire has not shown that counsel's failure to notify him of the outcome of the conference calls into question the overall fairness of the outcome of the Rule 35(b) proceeding, he has failed to demonstrate prejudice. Accordingly, Shropshire has not demonstrated counsel rendered constitutionally ineffective assistance of counsel by failing to notify him of the outcome of the conference.

As to Shropshire's claim that counsel abandoned him after the conference, the record reflects such is not the case. As previously noted, Counsel filed a memorandum regarding the Rule 35(b) motion after the conference identifying the assistance Shropshire provided to local authorities and the United States and requesting a hearing (Criminal Court File No. 130). The Court resolved the case based upon representations made presented by Shropshire and the government's counsel during the In-Chambers conference and the pleadings filed thereafter by defense counsel and the government. Shropshire has not provided any grounds upon which counsel could have based an objection to the government's request for an extension of time. In addition, Shropshire has not offered any evidence counsel failed to submit to the Court in relation to his assistance. More importantly, however, there is no allegation or evidence that the government's decision was based

---

[3] This is not a case where the plea agreement contemplated a Rule 35(b) motion.

on an unconstitutional motive. Consequently, Shropshire has not demonstrated that he was prejudiced by counsel's alleged inaction and is not entitled to relief on this claim.

Likewise, Shropshire has not demonstrated that he was prejudiced by counsel's failure to file an appeal. Initially, the Court observes that Shropshire claim that counsel failed to file an appeal and lied about filing an appeal when requested to do so contradicts his claim that counsel had no contact with him after the Rule 35(b) In-Chambers conference. Nevertheless, since Shropshire filed a timely appeal, and counsel was appointed to represent him on appeal, he is unable to demonstrate he was prejudiced by counsel's alleged shortcoming. Accordingly, he is not entitled to relief on this claim

### B.     *Denial of Evidentiary Ruling to Evaluate Assistance was Abuse of Discretion*

In this claim, Shrophire contends the Court abused its discretion in denying him an evidentiary hearing to evaluate the assistance he provided to the government prior to his January 27, 2003, hearing date. Shropshire also argues he filed a motion requesting an evidentiary hearing so that he could provide the court with a more accurate and detailed account of the assistance he provided. In addition to Shropshire having the opportunity to raise this issue at his sentencing had he chosen to do so, the record does not reflect any such motion was filed prior to the January 27, 2003 sentencing. Nevertheless, as previously explained, any claims in regard to his original criminal proceedings are time barred and not subject to review under § 2255. Accordingly, to the extent Shrophire challenges his criminal proceedings the claim will be **DISMISSED**.

Shropshire, however, did file a motion to evaluate his substantial assistance during his Rule 35(b) proceedings (Criminal Court File No. 137). Therefore, the Court presumes he is actually challenging the Court's denial of his motion for an evidentiary hearing in relation to the Rule 35(b)

motion (Criminal Court File No. 140). Although it appears that this claim is procedurally barred from review because it was not specifically raised on direct appeal, the Sixth Circuit seemingly implicitly considered the Court's denial of an evidentiary hearing when it ruled on Shropshire's claim that the Court erred in allowing the government to withdraw its Rule 35(b) motion. The Sixth Circuit made the following finding: "Shropshire does not allege any unconstitutional motives in the present case. Therefore, the district court cannot be said to have abused its discretion in permitting the government to withdraw its motion." *Shropshire v. United States*, 178 Fed. Appx. 520, 526-27 (6th Cir. 2008).

Whether a Rule 35(b) motion should be filed is within the discretion of the government and "[t]hat decision will not be questioned unless the defendant can make a 'substantial threshold showing of an unconstitutional motive.'" *United States v. Monus,* 20 Fed. Appx. 511, 512 (6th Cir. 2001) (quoting *United States v. Buchanan,* 213 F.3d 302, 314 (6th Cir. 2000). The Sixth Circuit has explained that this rule stems from the Supreme Court's decision in *Wade v. United States*, 504 U.S. 181 (1992), wherein the Supreme Court concluded that "'in both § 3553(e) and § 5K1.1 the condition limiting the court's authority gives the Government a power, *not a duty*, to file a motion when a defendant has substantially assisted.'" *United States v. Monus,* 20 Fed. Appx. at 512 (quoting *Wade,* 504 U.S. at 185). The fact that a defendant provides some assistance does not entitled him to a hearing as to whether the government acted unconstitutionally. *See Wade v. United States*, 504 U.S. 181, 186 (1992) ("[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive" ).

Shropshire has never alleged or presented any evidence that the government withdrew the

motion for unconstitutional reasons such as his race or religion. Consequently, the Court did not abuse its discretion in denying an evidentiary hearing to evaluate the assistance provided by Shropshire. Defense counsel filed a memorandum explaining the assistance that was rendered and the government filed a pleading explaining they could not verify the claimed assistance and therefore could not conclude Shropshire rendered substantial assistance. Neither Shropshire's motion requesting an evidentiary hearing nor his § 2255 motion alleges that the governments was obligated by the plea agreement to move for such a departure or that its decision to withdraw the Rule 35(b) motion was based on an unconstitutional motive such as Shropshire's race or religion–the only two circumstances under which this Court could review's the government's decision to withdraw the Rule 35(b) motion. *See Wade v. United States*, 504 U.S. 181 (1992). Accordingly, because Shropshire's motion requesting an evidentiary hearing did not rise to the level warranting judiciary inquiry, he is not entitled to any relief on his claim that the Court abused its discretion in denying an evidentiary hearing.

### C. Court Granted Government's Motion to Withdraw Rule 35(b) Motion Before Ruling on Shropshire's Previously Filed Motion to Withdraw Counsel and Motion Requesting an Evidentiary Hearing

Shropshire complains because the Court ruled upon his motions requesting to withdraw counsel and an evidentiary, which were filed prior to the government's motion requesting to withdraw the Rule 35(b) motion, at the same time it ruled upon the government's motion. Such a claim is procedurally barred from review, however, because it should have been raised on direct appeal. This claim is a challenge he failed to make during his direct review proceedings. Consequently, this Court cannot address this claim unless Shropshire can show cause for his tardy challenge and "actual prejudice" resulting from the error, *United States v. Frady*, 456 U.S. 152,

167-68 (1982); or that he is actually innocent of the crime.  *See Bousley v. United States*, 523 U.S. 614 (1998).  Neither of which Shropshire has alleged.

A § 2255 motion is not a substitute for a direct appeal.  *Bousley v. United States,* 523 U.S. 614, 621 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *United States v. Addonizio*, 442 U.S. 178, 184 (1979).  Additionally, nonconstitutional claims like this one, which could have been raised on direct appeal but were not, are deemed waived for purposes of collateral review under § 2255 unless the error amounts to a "fundamental defect which inherently results in a complete miscarriage of justice."  *Reed v. Farley*, 512 U.S. 339, 354 (1994).  Because Shropshire has not met his burden of proof, i.e., has not demonstrated cause and prejudice or a fundamental miscarriage of justice, to excuse his procedural default, § 2255 relief will be **DENIED** on his claim that the Court erred in failing to rule on his motions prior to ruling on the government's motion to withdraw the Rule 35(b) motion.

### D.      *Miscellaneous Claims*

In his memorandum supporting his § 2255 motion, Shropshire presents arguments that are not related to any of the grounds he raises in his § 2255 motion.  For example, he argues it was inappropriate for the government to file a Rule 35(b) motion to reward him for presentencing cooperation and the government failed to notify the Court of his cooperation during sentencing (Criminal Court File No. 152).

First, even if it was inappropriate for the government to file a Rule 35(b) motion, such does not amount to a constitutional violation and no § 2255 relief is warranted.  As to his challenge to his sentencing proceeding, as previously explained in Section III. A. 1, *supra*, any claim as to Shropshire's criminal proceedings is time-barred.  Accordingly, relief will be **DENIED** on these

claims.

In his brief, Shropshire argues AUSA Tammy Combs breached the plea agreement when she failed to file a § 5K1.1 motion and when she failed to inform the Court of his cooperation. As previously explained, all claims pertaining to his original criminal proceedings are procedurally barred from § 2255 review absent a showing of cause and prejudice or a fundamental miscarriage of justice. Shropshire argues as cause for failing to raise this issue earlier, that he was "[i]nduced not to object, at the time of sentencing nor on direct appeal, by the government's A.U.S. Attorney Tammy Combs, promise of filing a later motion within one year of sentencing." Even assuming Shropshire has shown cause for his default, he is unable to demonstrate prejudice. This is so because the decision whether to file a § 5K1.1 motion is within the government's discretion and he has not demonstrated the government's refusal to file a § 5K1.1 motion was based on unconstitutional motive. *Wade v. United States*, 504 U.S. at 185. Indeed, the record reflects the government's reason for not filing a § 5K1.1 motion was due to Shropshire's credibility issues. Although Shorpshire had provided information to authorities regarding his co-defendant, he was not called to testify at his co-defendant's trial because he initially lied to federal authorities, thus the government determined that he would not be a credible witness (Court File No. 149). Consequently, at the time of sentencing, the government did not file a motion pursuant to USSG § 5K1.1.

Accordingly, Shropshire will be **DENIED** relief on his claim that the government breached the plea agreement when it failed to inform the Court of his cooperation and refused to file a § 5K1.1 motion on his behalf.

## V.    CONCLUSION

Accordingly, Shropshire has failed to establish a plausible claim that would warrant an

evidentiary hearing. *See United States v. Tarricone*, 996 F.2d 1414, 1417-18 (2nd Cir. 1993) (noting that to prevail on a motion for hearing, petitioner must establish he has a plausible claim). Shropshire's claims are meritless. Accordingly, Shropshire's claims do not entitled him to § 2255 relief and his § 2255 motion will be **DENIED** (Crim. Court File No. 148).

A separate order will enter.


<span>           */s/ R. Allan Edgar*</span>
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE